### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHONDA MOODY : <br> 159 Overhill Rd. : <br> Upper Darby, PA 19082 : <br> : <br>         Plaintiff, : <br> : <br>     v. : <br> : <br> RENAL CARE GROUP, INC. : <br> d/b/a Fresenius Kidney Care Onley : <br> 2154 Stenton Ave. : <br> Philadelphia, PA 19138 : <br> : <br>         Defendant. : <br> : | CIVIL ACTION <br><br> No.: <br><br><br> **JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiff, Lashonda Moody (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I.   Introduction

1. Plaintiff has initiated this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq*.) and the Pennsylvania Human Relations Act ("PHRA - 43 Pa. C.S. §§ 951 *et. seq*.).[1] Plaintiff asserts herein that she was unlawfully terminated from her employment with Defendant in violation of these laws and seeks damages as set forth more fully herein.

### II.   Jurisdiction and Venue

2. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of

---

[1] Plaintiff will seek leave to amend the instant lawsuit to add claims under the Pennsylvania Human Relations Act ("PHRA") once properly administratively exhausted. Plaintiff was however required to initiate this lawsuit pursuant to a right-to-sue letter prior to such PHRA exhaustion. Plaintiff's PHRA claims will mirror identically her Title VII claims, and they are analyzed identically in the Third Circuit as well.

jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. State of Washington</u>, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as her federal claims herein.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.   Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult who resides at the above-captioned address.

7. Defendant Renal Care Group, Inc. is a corporation that does business as Fresenius Kidney Care and provides dialysis services to individuals with chronic kidney failure. It has various locations throughout the United States, including the location that Plaintiff worked in Philadelphia, PA.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## IV.  Factual Background

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant on or about April 19, 2021 as a Patient Care Technician.

11. Plaintiff remained employed with Defendant until on or about June 19, 2021, when she was unlawfully terminated from her job.

12. During her employment with Defendant, Plaintiff was supervised by Kathy Cooney, Facility Administrator (hereinafter "Cooney").

13. Plaintiff is a practicing Muslim.

14. After becoming employed with Defendant, Plaintiff requested the reasonable accommodation to pray while at work.

15. While Plaintiff was initially granted her accommodation to pray at work, it clearly became an issue with her trainer and Defendant's management, including but not limited to Cooney.

16. In fact, shortly following her hire, Plaintiff began being treated with hostility and animosity after Defendant's management became aware of her religious beliefs and need for accommodations.

17. By way of specific example (but not intending to be the only one), Plaintiff requested to leave work for a brief period of time so that she could pray with other members of her religion one day during the Ramadan holiday, and she was given permission to do so by Cooney.

18. However, when Plaintiff returned to work after engaging in religious prayer one day during the Ramadan holiday (as discussed in Paragraph 17 of the instant Civil Action Complaint), Plaintiff was informed that she needed to take the rest of the day off because she left work to pray (even though she had sought and was given permission to leave).

19. By way of further example, Plaintiff would pray at work almost every single day, which was in no way a disruption to Defendant's daily business because she would do so outside of the presence of patients, and it would be extremely brief. However, one day, Plaintiff was called into Cooney's office and asked questions about when and how often she prayed during the day and then stated that she "prayed too much."

20. In addition to the overt acts of discriminatory treatment based on her religion and requests for religious accommodations, Plaintiff was also treated in a rude and condescending manner, denied proper training, sent home early several times, and had her concerns regarding Defendant's management's treatment of patients and violations of policies ignored.

21. Plaintiff was also pretextually reprimanded following her requests for reasonable religious accommodations, including but not limited to being reprimanded for lateness. However, (1) Plaintiff's trainer (who also seemingly took issue with Plaintiff's need to pray at work) instructed Plaintiff to arrive after the start of her shift, and then Plaintiff was disciplined for doing so; and (2) Plaintiff had difficulties clocking in, which Defendant's management and IT department were made aware of.

22. The aforesaid discriminatory and retaliatory harassment became so severe that Plaintiff became hesitant to pray at work and even decreased the number of times she would do so to avoid hostility and animosity from Defendant's management.

23. After being subjected to constant discrimination and retaliation for approximately two months, Plaintiff was ultimately terminated from her employment for pretextual reasons.

**First Cause of Action**
**<u>Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")</u>**
**([1] Religious Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. Plaintiff was Plaintiff was subjected to a hostile work environment through disparate treatment, pretextual admonishment, discriminatory comments and/or demeaning treatment during her employment with Defendant because of her religion and/or requests for religious accommodations.

26. Plaintiff was also: (1) denied a reasonable religious accommodation; and (2) terminated due to her religious beliefs and/or her requested religious accommodations.

27. Plaintiff properly exhausted her administrative remedies by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") asserting these claims and by filing the instant lawsuit within 90 days of receiving a notice of case closure and/or a right-to-sue letter.

28. Defendant's actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating and retaliating against employees and are to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendant's illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

      C.      Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct, and to deter Defendant from engaging in such misconduct in the future;

      D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

      E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

      F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

      G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                              Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_/s/ Ari R. Karpf_

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 29, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Lashonda Moody | : | CIVIL ACTION |
| v. | : | |
| Renal Care Group, Inc. d/b/a Fresenius Kidney Care Onley | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 4/29/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 159 Overhill Road, Upper Darby, PA 19082

Address of Defendant: 2154 Stenton Avenue, Philadelphia, PA 19138

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/29/2022       *Attorney-at-Law / Pro Se Plaintiff*       ARK2484 / 91538       *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 4/29/2022       *Attorney-at-Law / Pro Se Plaintiff*       ARK2484 / 91538       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MOODY, LASHONDA

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

RENAL CARE GROUP, INC.
D/B/A FRESENIUS KIDNEY CARE ONLEY

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [X] 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 4/29/2022
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____